## In re KAMSLER.

(District Court, S. D. New York. October 25, 1899.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—FALSE OATH.

Where a bankrupt, in his schedule, falsely states that he is not able to find the books of account which were kept in his business, and that he does not know where they are, when in fact they are in the custody of one of his creditors, where he knows them to be, and where he has access to them, he is guilty of making a "false oath in a proceeding in bankruptcy," within the meaning of Bankr. Act, § 29b, such as will forfeit his right to a discharge.

2. SAME.

A bankrupt who, on his examination before the referee, falsely accounts for a fraudulent transfer of money or property to his wife on the ground of its being the repayment of a loan, will not be entitled to receive his discharge, being guilty of a "false oath in a proceeding in bankruptcy," within the meaning of Bankr. Act, § 29b.

In Bankruptcy. On specifications in opposition to bankrupt's application for discharge.

Specifications in opposition to the application of Julius Kamsler for a discharge in bankruptcy were filed by certain of his creditors, and referred to John W. Houston, referee in bankruptcy, for hearing and report. The specifications charged the bankrupt with having concealed his books of account, and with having made various false oaths in the bankruptcy proceedings. It appeared that the bankrupt had been engaged in retail business in New York City until February 21, 1898, on which day he was closed out by the levy of an execution on his goods and stock in trade by the sheriff of the county of New York. In the schedule attached to his petition in bankruptcy, and in his testimony given before the referee, he stated that the sheriff took possession of the books of account kept in his business, on the levy above mentioned, and that he (the bankrupt) had not seen the books since the levy, and had not been able to find them, and did not know where they were. But in this he was contradicted by other witnesses, and the referee found, upon all the evidence produced before him, that the bankrupt, after the levy, had sent the books and records of his business to one of his creditors, with the explanation that he intended, if thereafter examined by creditors in supplementary proceedings, to state that he did not know where the books were; and that he had repeatedly, since that time, seen and examined the books, and looked up entries in them, at the offices of the said creditor, where the books were kept pursuant to this plan. The referee accordingly held that the bankrupt had been guilty of "making a false oath in a proceeding in bankruptcy," within the meaning of Bankr. Act, § 29b, such as to forfeit his right to a discharge. Whether the bankrupt's conduct with reference to these books constituted a concealment of them, "with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy," the referee found it unnecessary to determine;

but he suggested that, while nothing done before the passage of the bankruptcy act could be considered as done "in contemplation of bankruptcy," yet a concealment of books, unlike their destruction, might be a continuing offense, and might be committed after the passage of the act by leaving the books in the same custody, and falsely swearing that their location was unknown to the bankrupt; the principle of In re Holtz, 1 Nat. Bankr. News, 204, not being here applicable.

The bankrupt, immediately before his failure, had paid $5,000 to the joint account of his wife and his father-in-law; and he testified on his examination that it was in repayment of a bona fide loan of that amount of money from these relations. But the books of account showed no such loan, and the bankrupt, on his examination, made contradictory and inconsistent statements as to the character and source of the alleged indebtedness; and it was shown that the bankrupt, soon after his failure, was nominally in the employment of a firm consisting of his wife and another person, formed soon after the failure, and operating on capital thereafter contributed by the wife. The referee found that the bankrupt, in regard to this matter, had made a "false oath in a proceeding in bankruptcy," and, on this ground also, reported that he was not entitled to receive his discharge.

Allen H. Gangewer, for bankrupt.

Levinson, Kohler & Schattman, Rose & Putzel, and Max J. Kohler, for opposing creditors.

BROWN, District Judge. On the facts stated in the referee's report, which the testimony warrants, the discharge of Julius Kamsler should be refused.